UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| GREGORY RYAN WEBB, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:25-cv-00064 |
| IVY JO GARDNER MAYBERRY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Gregory Ryan Webb, a resident of Waverly, Illinois, filed this pro se action alleging breach of contract. (Doc. No. 1). He also has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2), two "Motions and Supporting Memorandum to Issue Summons" (Doc. Nos. 4, 12), a Motion and Supporting Memorandum re Service/Response (Doc. No. 8), and two "Motions and Supporting Memorandum/Subpoenas" (Doc. Nos. 10, 11). The Court must begin with the filing fee.

**I. FILING FEE**

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). To grant such authorization, the Court requires sufficient information to determine "whether the court costs can be paid without undue hardship." Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001).

In his IFP Application, Plaintiff states that his monthly income is "$1000 or less," his monthly expenses total "$1000ish", he currently has $21.12 in "Cash App", and he is "homeless, living on dirt floor for approximate year." (Doc. No. 2 at 1-6). Because Plaintiff's IFP Application reflects that he is unable to bear the costs of paying the filing fee in this case, the IFP Application

1

(Doc. No. 2) is **GRANTED**.

## II. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

The Court must dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**A. Alleged Facts**

The Complaint references state court proceedings involving Plaintiff and Lewana Castillo Webb, his ex-wife, including a criminal case, an order-of-protection case, and a divorce case.[1]

---

[1] Since 2022, Webb has filed over thirty cases in this court, all proceeding IFP, with the exception of one fee-paid case where noted. The cases all are related in some way to the same state court proceedings. The following list does not include three petitions for habeas corpus relief filed by Webb. The cases are: Webb v. Worley et al., 2:22-cv-00026 (dismissed; not eligible to proceed IFP); Webb v. Webb et al., 2:22-cv-00054 (dismissed without prejudice for failure to comply with court order); Webb v. Webb et al., 2:23-cv-00009 (dismissed for failure to state a claim); Webb v. Board of Judicial Conduct et al., 2:23-cv-00010 (dismissed without prejudice for lack of standing and for failure to state a claim); Webb v. Webb, 2:23-cv-00012 (dismissed without prejudice for failure to state a claim); Webb v. Fickling et al., 2:23-cv-00013 (dismissed for failure to state a claim) Webb v. McKenzie, et al., 2:23-cv-00014 (voluntarily dismissed); Webb v. Dunaway et al., 2:23-cv-00017 (dismissed without prejudice as frivolous and duplicative); Webb v. Mayberry, 2:23-cv-00025 (dismissed without prejudice for failure to state a claim); Webb v. Tracking System, 2:23-cv-00029 (dismissed for failure to state a claim); Webb v. Webb et al., 2:23-cv-00032

The Complaint alleges that Defendant Ivy Jo Gardner Mayberry "announced herself" as Plaintiff's attorney on September 27, 2021, and "acted in her own motives and agenda during election timeline of late 2021 and early 2022." (Doc. No. 1 at 1). Plaintiff, among other allegations, alleges that Mayberry "somehow participated" in Plaintiff's "Order of Protection being unlawfully removed on 09/15/21" (id.); refused to help Defendant on September 16, 2021; "somehow participated to acts and events that occurred against [Plaintiff] and [his] 12 yr old son on 09/17/21 that included [Plaintiff] being incarcerated after false use of 911 against [Plaintiff] and [his] 12 yr old son kidnapped again" (id. at 2); and conspired against Plaintiff and in concert with attorney Kevin Bryant. The Complaint seeks a "full and immediate refund" of all money paid to Mayberry, a reimbursement for litigation expenses, "attorney fees for pro se representation of an approximate 3 ½ years," "at cost loss from divorce totaling over $250,000," punitive damages, declaratory relief, "seizure of all assets and property owned by defendant," and "Defendant to immediately correct [Plaintiff's] legal circumstances." (Id. at 17).

---

(dismissed without prejudice for failure to prosecute and failure to pay the filing fee); Webb v. Powers, et al., 2:23-cv-00065 (fee paid; pending); Webb v. First Realty et al., 2:24-cv-00034 (dismissed for failing to comply with court order and for want of prosecution); Webb v. Republican Party of Cumberland County TN, 2:24-cv-00039 (dismissed with prejudice as barred by statute of limitations); Webb v. TBI Agent, 2:24-cv-00056, (dismissed with prejudice for failure to state a claim); Webb v. 13th District DA's Office, 2:24-cv-00068 (dismissed with prejudice for failure to state a claim); Webb v. Gardner Mayberry et al., 2:25-cv-00034 (pending); Webb v. Middle Tennessee Mental Health Institute, 3:24-cv-00706 (pending); Webb v. Webb, 3:24-cv-00819 (petition for writ of mandamus dismissed without prejudice for lack of subject matter jurisdiction); Webb v. Weist et al., 3:24-cv-00956 (pending); Webb v. Board of Judicial Conduct TN et al., 3:24-cv-01307, (transferred from N.D. Alabama and pending); Webb v. Hill et al., 3:25-cv-00019 (dismissed for failure to state claims); Webb v. DHS Dayton, TN et al., 3:25-cv-00021 (dismissed for failure to state a claim); Webb v. Verizon Wireless Crossville, TN, 3:25-cv-00022 (dismissed with prejudice for failure to state a claim and alternatively as untimely filed); Webb v. Sexton et al., 3:25-cv-00394 (transferred from S.D. Ill. and pending); Webb v. ADA Bateman, 2:24-cv-00070 (dismissed with prejudice for lack of subject matter jurisdiction based on sovereign immunity); Webb v. Ridley, 2:25-cv-00007, (dismissed with prejudice); Webb v. City of Crossville, TN et al., 2:25-cv-00018 (voluntarily dismissed); Webb v. Fickling, 2:25-cv-00059 (voluntarily dismissed); Webb v. Webb, 2:25-cv-00061 (dismissed with prejudice for failure to state a claim and alternatively as untimely filed); Webb v. TN Unemployment et al., 3:25-cv-00020 (dismissed for failure to state claims); Webb v. Sandy Garrett, 3:24-cv-1150 (R&R adopted and case dismissed); Webb v. Casey Cox, 2:25-cv-84 (pending); Webb v. Sandy Garrett, et al., 3:25-cv-1074 (pending).

**B. Analysis**

After conducting the initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that the Complaint cannot survive screening under Section 1915(e)(2). Plaintiff's claims are barred by res judicata.

The doctrine of res judicata encompasses both claim preclusion and issue preclusion. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984); Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 528 n.5 (6th Cir. 2006). "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." Rawe, 462 F.3d at 528 n.5. "Issue preclusion bars relitigation of an issue when: (1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding." Gen. Elect. Med. Sys. Europe v. Prometheus Health, 394 F. App'x 280, 283 (6th Cir. 2010) (citation omitted).

In contrast, "[c]laim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." Rawe, 462 F.3d at 528 n.5; see Notredan, LLC v. Old Republic Exhange Facilitator Co., 875 F. Supp.2d 780, 786 (W.D. Tenn. June 21, 2012) (citing Mitchell v. Chapman, 343 F.3d 811, 819 (6th Cir. 2003) ("Claim preclusion bars not only relitigating a claim previously adjudicated, it also bars litigating a claim or defense that should have been raised, but was not, in the prior suit.")). "The central purpose of claim preclusion is to prevent the relitigating of issues that were or could have been raised in [a prior] action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).

4

On May 11, 2023, Plaintiff filed an action in this Court against Ivy Gardner Mayberry, raising much of the same factual allegations as those he raises in the instant case. See Gregory Ryan Webb v. Ivy Gardner Mayberry, Case No. 2:23-cv-00025 (M.D. Tenn.) (Crenshaw, J.). Specifically, Plaintiff alleged that he hired Mayberry to represent him, but she allegedly provided ineffective assistance before withdrawing as counsel without providing a refund; ignored or suppressed evidence that Ms. Webb framed him; did not defend Plaintiff when Ms. Webb made a false police report; allowed Ms. Webb to file for divorce first; did not contact a list of favorable witnesses; and did not request to change venue or get the case in circuit court. (Id., Doc. No. 10 at 3-4). Plaintiff filed that lawsuit under 42 U.S.C. § 1983, alleging civil rights violations.

The Court dismissed that case because Plaintiff failed to state a claim upon which relief could be granted under Section 1983. (Doc. No. 10 at 4). In particular, Court found that, to the extent Plaintiff was attempting to use the case to bring civil claims that would invalidate his domestic assault conviction, he failed to state a claim; Plaintiff failed to establish state-actor status of attorney Mayberry; and two of Plaintiff's three requests for relief were unavailable. (Id. at 4-8). The Court declined supplemental jurisdiction over any state law claims asserted in the case, including any legal malpractice claims against attorney Mayberry. (Id. at 8).

Plaintiff's instant contract claims against Mayberry related to her representation of Plaintiff in 2021-2023 could have been brought in Plaintiff's prior action. All facts upon which Plaintiff's claims rest were known to him when he filed the prior action. Plaintiff should not be permitted to split his cause of action into multiple separate federal lawsuits. See Notredan, 875 F. Supp.2d 780, 787. The Court therefore finds that all claims that arose or could have arisen in Plaintiff's prior action are barred by claim preclusion and should be dismissed.

The Court is aware that res judicata is an affirmative defense that usually must be raised by a defendant. See Fed. R. Civ. P .8(c). However, the Supreme Court and the Sixth Circuit have indicated that a court may take the initiative to assert the res judicata defense sua sponte in "special circumstances." Arizona v. California, 530 U.S. 392, 412 (2000); Gooch v. Life Investors Ins. Co. of Am., 672 F.3d 402, 418 (6th Cir. 2011) (citing Arizona for the proposition that the Court may address sua sponte the issue of res judicata). The "special circumstance" recognized in Arizona is when "a court is on notice that it has previously decided the issue presented." Id. at 412 (citations and internal quotation marks omitted). The Court is on notice of Plaintiff's many prior actions and finds that applying the doctrine of res judicata sua sponte is appropriate under these circumstances. Plaintiff should not be rewarded for continuing to relitigate the same issues over and over in this Court, especially while receiving the benefit of proceeding each time without having to pay the filing fee. The Court has fairly considered his claims and rendered decisions. If Plaintiff disagrees with those decisions, he may avail himself of the opportunity to appeal.

### III. CONCLUSION

Based on the foregoing, this pro se action filed by Plaintiff Gregory Ryan Webb is **DISMISSED WITH PREJUDICE** on preclusion grounds.

Plaintiff's two "Motions and Supporting Memorandum to Issue Summons" (Doc. Nos. 4, 12), a Motion and Supporting Memorandum re Service/Response (Doc. No. 8), and two "Motions and Supporting Memorandum/Subpoenas" (Doc. Nos. 10, 11) are **DENIED AS MOOT**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE